RECEIVED

MAR 23 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS M. EGELSTON | CIVIL ACTION NO. 10-793 |
| -vs- | JUDGE DRELL |
| SHIVANI NEGI, et al. | MAGISTRATE JUDGE KIRK |

## RULING

I. **Introduction and Background**

Before the court is a Motion to Dismiss (Doc. 21) filed by Dr. Shivani Negi, Dr. Hollis Reed, Barbara Watkins, and the United States of America (collectively "Defendants"). For the foregoing reasons, Defendants' motion is **GRANTED**.

This and the related cases[1] arise from dissatisfaction for services rendered at the Alexandria Veterans Affairs Medical Center in Alexandria, Louisiana ("Alexandria VA"). Plaintiff's pleadings contain numerous allegations of misconduct against Dr. Negi, Alexandria VA hospital administrators Barbara Watkins and Dr. Hollis Reed, and the United States. In essence, Plaintiff alleges Dr. Negi improperly ordered him to take oral antibiotics instead of intravenous (IV) antibiotics, causing his staph infected foot to worsen, leading to its amputation.

---

[1] The following individuals have filed suit against the same above-named Defendants based on similar causes of action: Floyd Hamilton, III (09-860); Bertha Hamilton (10-664); Jessie Gray, Jr., et al (09-2105), Dennis M. Egelston (10-0793), Debi Tullis Bell (10-0794), Johnny W. Fitt (10-0795), Rogetta T. Odhams (10-0798), Jessie L. Wade (10-0799), Carolyn A. Davis (10-0800), Lavelle T. Tullis (10-0807), and Ruth L. Johnson (10-0832).

By Ruling and Order dated March 31, 2011 (Doc. 17), in attempting carefully to analyze the suits filed by this plaintiff and plaintiffs in related cases, we determined three areas of claims potentially still existed and remained viable: (1) potential medical malpractice with all of its permutations: (2) claims under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971) (so called "<u>Bivens</u> actions"); and (3) violations of 38 U.S.C. § 1151 relating to eligibility for veterans' benefits. Based on these remaining claims, Defendants filed the present motion to dismiss and Plaintiff has filed no opposition.

II.  **Law and Analysis**

   A.  Federal Rule of Civil Procedure Rule 12(b)(1)

Lack of subject matter jurisdiction may be raised as a defense by a party. Fed. R. Civ. Proc. R. 12(b)(1). If the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action. <u>Id.</u> at (h)(3) (emphasis added). Pursuant to Fed. R. Civ. P. 12(b)(1), a party may obtain dismissal of a claim for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) jurisdiction motion, however, the Court must "'view all the facts in a light most favorable to the plaintiff.'" <u>Ambraco, Inc. v. Bossclip B.V.</u>, 570 F.3d 233, 237-38 (5th Cir. 2009) (quoting <u>Ginter *ex rel.* Ballard v. Belcher, Prendergast & Laporte</u>, 536 F.3d 439, 441 (5th Cir. 2008)). Generally, when the complaint states a "cognizable federal claim, dismissal for want of jurisdiction is disfavored as a matter of policy" and "'is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" <u>Young v. Hosemann</u>,

598 F.3d 184, 188 (5th Cir. 2010) (quoting Bell v. Health-Mor, 549 F.2d 342, 344 (5th Cir. 1977)). Nonetheless, the party asserting jurisdiction bears the burden of proof on a motion to dismiss. Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009).

### B. Medical Malpractice Claim

Defendants correctly argue a medical malpractice claim against the federal government falls under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671, *et seq.* Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. A claimant gives proper notice within the meaning of 28 U.S.C. § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. A plaintiff waives his claim if he fails to (1) notify the agency in writing about his claim within two years after the claim accrues, or (2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b); Cook v. United States, 978 F.2d 164, 165–66 (5th Cir. 1992).

Defendants have attached to their motion a declaration that Mr. Egelston filed an administrative malpractice claim concerning the Alexandria VA hospital on April 21, 2010. (Doc. 21-2). Mr. Egelston had filed his complaint with this Court on April 20, 2010 which was one day *prior* to filing his administrative claim, thereby making his judicial suit premature. The FTCA affords agencies six months to formally deny a claim before the complainant is able to file suit. 28 U.S.C. § 2675(a); see also McNeil v. U.S., 508 U.S. 106 (1993) (finding an FTCA lawsuit commenced prior to resolution of plaintiff's administrative claim was in violation of requirement that exhaustion of administrative remedies precede lawsuit and plaintiff's suit was properly dismissed).

3

Mr. Egelston withdrew his claim on August 31, 2010 (Doc. 21-2) which did not afford the VA six months to evaluate his claim. Because Plaintiff failed to exhaust his FTCA administrative remedy, namely his medical malpractice claims, this Court lacks jurisdiction over those claims; therefore the judicial claims must be dismissed with prejudice.

C. 38 U.S.C. § 1151 Benefits

Similarly, we lack subject matter jurisdiction for any claim Plaintiff may have for benefits pursuant to 38 U.S.C. § 1151 because of Plaintiff's failure to comply with necessary administrative procedure. Those claims for veterans benefits must be determined by the Department of Veterans Affairs. With certain exceptions inapplicable in this instance, 38 U.S.C. § 511 provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Accordingly, we are without jurisdiction to entertain any such claim. Further, even if the VA had made a determination regarding compensation, the Veterans Judicial Review Act, 38 U.S.C. § 7251, *et seq.*, precludes federal district court review of individual benefit determinations. Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995), *cert. denied* 516 U.S. 1111 (1996). For these reasons, any claims filed pursuant to 38 U.S.C. § 1151 relating to eligibility for veterans' benefits must be dismissed with prejudice.

4

D.  <u>Bivens</u> Claims

In order to sustain his <u>Bivens</u> action, Plaintiff "must first demonstrate that his constitutional rights have been violated." <u>Garcia v. United States</u>, 666 F.2d 960, 962 (5th Cir. 1982) (citing <u>Davis v. Passman</u>, 442 U.S. 228, 248 (1979)). Plaintiff asserts Dr. Negi "yelled into [his hospital] room that she was taking [him] off the bag [IV] and put [him] back on oral medication."(Exhibit F to Doc. 1-2). Accompanied by Plaintiff's factual assertions concerning his mistreatment by Dr. Negi, we construe this to be an alleged violation of Plaintiff's substantive due process rights by federal actors in violation of the Fifth Amendment.

The Fifth Circuit has recognized the "right to be free of state-occasioned[2] damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." <u>Doe v. Taylor Independent Sch. Dist.</u>, 15 F.3d 443 (5th Cir. 1994).[3] The Supreme Court in <u>DeShaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189(1989) recognized the relationship between the Fifth and Fourteenth Amendments as follows: "Like its counterpart in the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of

---

[2] In this phrase we use the generic term "state" to mean government in general, not a specific state.

[3] In so noting, the Fifth Circuit cited <u>Shillingford v. Holmes</u>, 634 F.2d 263, 265 (5th Cir. 1981) which was implicitly overruled by the Supreme Court's decision in <u>DeShaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189 (1989). In <u>DeShaney</u>, the Court determined "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by *private* actors. <u>Id.</u> at 195 (emphasis added). The Fifth Circuit in <u>Doe</u> confronted this issue and determined <u>DeShaney</u> did not overrule the existence of the bodily integrity substantive due process right. <u>Doe</u>, 15 F.3d at 452 n.3.

oppression.'" Id. at 196 (quoting Davidson v. Cannon, 474 U.S. 344, 348 (1986)) (brackets in original). Accordingly, the Fifth Amendment provides due process protection for the bodily integrity of citizens from harm imposed by federal actors.

If true, Plaintiff's factual assertions of deliberate mistreatment of patients as a harm to his bodily integrity inflicted by federal actors potentially violates the Due Process clause of the Fifth Amendment; thus, he has stated a claim as required to proceed under Bivens, contrary to Defendants' argument.

We are required to look "to state law to determine the applicable statute of limitations for *Bivens* actions." Gaspard v. United States, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983) (italics in original) (citations omitted). In this situation, the acts giving rise to Plaintiff's claim are, by law, delictual in nature and are governed by a liberative prescription of one year in accordance with Louisiana Civil Code Article 3492. Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995). As with Section 1983 actions, the prescriptive period for a Bivens claim beings to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) (quotations and citations omitted). In the case *sub judice*, we examine the record to determine when Plaintiff had "either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Id.

Plaintiff's suit was filed April 20, 2010; therefore, any action against Defendants alleged to have occurred prior to April 20, 2009 would be prescribed and

time barred. Plaintiff executed an affidavit dated April 21, 2009 detailing the allegations against Defendants (Exhibit F to Doc. 1-2). Plaintiff has provided no dates for the alleged mistreatment other than to say Dr. Negi treated him "in 2007." Logically, any mistreatment by Dr. Negi must have occurred prior to April 21, 2009 when Plaintiff executed the affidavit and have, therefore, prescribed. In his affidavit, Plaintiff states he knew Dr. Negi had "interfered" with his treatment which indicates he knew he had suffered harm. Plaintiff's claims against the additional defendants all arise from the alleged mistreatment by Dr. Negi. Plaintiff filed suit on April 20, 2010 which is not within one year of the accrual of his claim, and his claims have prescribed as a matter of law over which this Court has no control. For this reason, we find Defendant's Motion to Dismiss (Doc. 21) must be **GRANTED** based on Plaintiff's not having filed suit within the one year prescriptive period.

SIGNED on this 23rd day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE